UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARMAINE CUSTIS,<br><br>    Plaintiff,<br><br> v.<br><br>PENDOT, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 1:21-CV-01377<br><br>(MEHALCHICK, M.J.) |

**MEMORANDUM**

Presently before the Court is a Complaint ("Complaint") filed on August 6, 2021, by *pro se* Plaintiff Charmaine Custis ("Custis") against Defendants PENDOT, Yassimin Gramian, Bret Lawson, OJS Security, Adele Wright, ACP/OVA Staff, Ronald Marqust, Tara Gross, John Doe, and Jane Doe (hereinafter, collectively known as "Defendants"). (Doc. 1). In her Complaint, Custis describes a series of events surrounding her attempted acquisition of a new driver's license. (Doc. 1, at 1-4). Custis seeks damages for loss of revenue and compensation for physical harm along with an Order requiring Defendants to "cease from their illegal action." (Doc. 1, at 3).

Having conducted the statutorily-mandated screening of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court finds that Custis has failed to state a claim upon which relief may be granted.

I. **BACKGROUND AND PROCEDURAL HISTORY**

On August 6, 2021, Custis filed the instant action against Defendants along with a motion for leave to proceed *in forma pauperis*.[1] (Doc. 1; Doc. 2). In her Complaint, Custis explains a series of events pertaining to her attempt at acquiring a new driver's license. (Doc. 1, at 1-4). Custis states that she is disabled, and that Defendant Wright made discriminatory comments at her expense. (Doc. 1, at 3). Additionally, Custis contends that her mail has been tampered with and that multiple copies of her driver's license were issued to people other than herself, constituting misconduct on behalf of Defendants. (Doc. 1, at 3-4). Custis seeks damages for loss of revenue and compensation for physical harm along with an Order requiring Defendants to "cease from their illegal action." (Doc. 1, at 3).

II. **SECTION 1915(E)(2) STANDARD**

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court is statutorily required to review the complaint of a plaintiff proceeding *in forma pauperis* prior to service of process. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see generally Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 587–89 (W.D. Pa. 2008) (summarizing prisoner litigation screening procedures and standards). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first

---

[1] The Court grants Custis's motion for leave to proceed *in forma pauperis* by separate order. (Doc. 2).

take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. St. Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting

*Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (*citing Phillips v. Cty. of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

III.   **DISCUSSION**

    A.   FAILURE TO STATE A CLAIM UNDER RULE 8

Custis's Complaint fails to state a claim under Rule 8(a) of the Federal Rules of Civil Procedure. (Doc. 1). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *Scibelli v. Lebanon Cty.*, 219 F. App'x 221, 222 (3d Cir. 2007). Dismissal under Rule 8 is proper when a complaint "le[aves] the defendants having to guess what of the many things discussed constituted [a cause of action]." *Binsack v. Lackawanna Cty. Prison,* 438 F. App'x 158, 160 (3d Cir. 2011).

While the undersigned must construe the Complaint liberally due to Custis's status as a *pro se* litigant, the Complaint fails to meet the pleading requirements of Rule 8. (Doc. 1). Although Custis appears to assert claims against Defendants who are employees of a state or federal government and who were acting under color of state law, Custis provides a hodgepodge of facts with no clear connection to any legal arguments. *See* 42 U.S.C. § 1983. (Doc. 1, at 1-4). Custis's allegations of discrimination are conclusory and vague. (Doc. 1, at 1, 4). Additionally, it is unclear what facts pertain to her assertions of fraud. (Doc. 1 at 3-4). There is no clear factual story line nor are there any cognizable corresponding legal arguments. (Doc. 1, at 1-4). The Complaint does not provide "concise and direct" allegations

sufficient to surmise how Defendants' actions infringed upon Custis's rights. *See* Fed. R. Civ. P. 8(d)(1); *Scibelli,* 219 F. App'x at 222. Custis must assert a claim sufficient enough to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *See Twombly*, 550 U.S. at 555. The factual allegations presented in the Complaint lack a specific connection to an alleged wrongdoing and are not sufficient to provide the Defendants with knowledge as to the charges against them. (Doc. 1, at 1-4). Finally, Custis's Complaint is illegible at times and many sentences are crowded into corners of the page making the writing particularly difficult to read. (Doc. 1, at 1-4).

Overall, the pleading does not provide any meaningful opportunity for the Defendants to decipher or answer Custis's allegations. *See Twombly*, 550 U.S. at 555. Because Custis alleges unclear information and does not provide clear claims, it is arduous to discern what she is asserting. (Doc. 1, at 1-4). Custis must adhere to Rule 8 by limiting her Complaint to concise allegations of specific conduct that she believes violated her constitutional rights. *See Scibelli*, 219 F. App'x 221 at 222.

B. LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson*, 293 F.3d at 108. Further, "[a] district court has 'substantial leeway in deciding whether to grant leave to amend.'" *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (not precedential) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)).

Keeping in mind that a document filed *pro se* is "to be liberally construed" the Court will grant Custis leave to file an amended complaint in an effort to allow her to bring a federal

cause of action. *Estelle*, 429 U.S. at 106; *Grayson*, 293 F.3d at 108. Custis must "file a single, unified, *legible* complaint setting forth factual allegations and legal claims in a manner that could be reviewed by the Court and, if necessary, answered by the Defendants." *See Himchak v. Dye*, No. 1:14-CV-2394, 2016 WL 1743056, at *1 (M.D. Pa. Apr. 68, 2016) (emphasis added). The amended complaint must consist of concise and direct statements alleging which civil rights were violated, and the specific acts that established each violation. Mere speculation is insufficient. Custis is advised to follow each claim with a corresponding good-faith request for relief. The "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).

IV.     **CONCLUSION**

As it stands, Custis's Complaint fails to state a claim upon which relief may be granted. (Doc. 1). The Court grants Custis leave to file an amended complaint within 30 days from the date of the Order filed concurrently with this Memorandum, on or before October 20, 2021.

An appropriate Order follows.

**Dated: September 20, 2021**                    *s/ Karoline Mehalchick*
                                                 **KAROLINE MEHALCHICK**
                                                 **Chief United States Magistrate Judge**