UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARMAINE CUSTIS, <br><br> Plaintiff, <br><br> v. <br><br> PENDOT, et al., <br><br> Defendants. | CIVIL ACTION NO. 1:21-CV-01377 <br><br> (MEHALCHICK, M.J.) |

**MEMORANDUM**

Presently before the Court is a "tentative" amended complaint filed on November 19, 2021, by *pro se* Plaintiff Charmaine Custis ("Custis") against Defendants PENDOT, ACP program, and OJS Security (hereinafter, collectively known as "Defendants").[1] (Doc. 13, at 1). In her "tentative" amended complaint, Custis describes a series of events surrounding discrimination she experienced while at a public facility. (Doc. 13, at 1-3). Custis seeks "reasonable accommodations to collect additional information . . . [and] to provide a complete amended complaint." (Doc. 13, at 3).

Having conducted the statutorily-mandated screening of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court finds that Custis has failed to state a claim upon which relief may be granted.

---

[1] Custis omits many Defendants that were previously listed in her original complaint including Defendants Yassimin Gramian, Bret Lawson, Adele Wright, Ronald Marqust, Tara Gross, John Doe, and Jane Doe but includes "et al." when naming the defendants in her "tentative" amended complaint. (Doc. 1, at 1; Doc. 13, at 1). As the Court grants Custis leave to amend her complaint, Custis is directed to name all Defendants to which she seeks to bring a cause of action as opposed to using "et al." as it is unclear whether the previously named Defendants are still parties to this suit.

I. **BACKGROUND AND PROCEDURAL HISTORY**

On August 6, 2021, Custis filed the instant action against Defendants along with a motion for leave to proceed *in forma pauperis*. (Doc. 1; Doc. 2). The Court granted Custis's motion for leave to proceed *in forma pauperis* on September 20, 2021. (Doc. 2). On the same date, the Court found that Custis's original complaint failed to state a claim upon which relief may be granted and provided her 30 days to file an amended complaint. (Doc. 8; Doc. 9). Custis filed a "tentative" amended complaint (the "complaint") on November 19, 2021. (Doc. 13).

In her complaint, Custis explains a series of discriminatory events she experienced due to her disabilities, gender, and status. (Doc. 13, at 1-3). First, Custis states that she was discriminated against by Defendants when they denied her access to a public access building and the services therein. (Doc. 13, at 1). Second Custis explains that she was discriminated against when she was not provided with copies of documents regarding her information after she discovered that "forgeries and fraudulent document with her auto" and multiple copies of her driver's license had been issued without her knowledge. (Doc. 13, at 3). Custis claims that the fraudulent documents "would have gone to" Adele Wright due to her position as the mail handler. (Doc. 13, at 2). Finally, Custis argues that Wright verbally abused her and refused to process a "renewal of [her] participation." (Doc. 13, at 2). Custis contends that Tara Gross "condoned [Wright's] action [and that] OJS Security spread [malicious] gossip that [Custis] was legal barred then [had] police [interfere] with [Custis] while she was at [the] counter after waiting her turn and was about to go to get a handicap." (Doc. 13, at 2). Custis seeks "reasonable accommodations to collect additional information . . . [and] to provide a complete amended complaint." (Doc. 13, at 3).

II.     **SECTION 1915(E)(2) STANDARD**

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court is statutorily required to review the complaint of a plaintiff proceeding *in forma pauperis* prior to service of process. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see generally Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 587–89 (W.D. Pa. 2008) (summarizing prisoner litigation screening procedures and standards). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. St. Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right

to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (*citing Phillips v. Cty. of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

III. **DISCUSSION**

    A. <u>FAILURE TO STATE A CLAIM UNDER RULE 8</u>

Custis's complaint fails to state a claim under Rule 8(a) of the Federal Rules of Civil Procedure. (Doc. 13). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *Scibelli v. Lebanon Cty.,* 219 F. App'x 221, 222 (3d Cir. 2007). Dismissal under Rule 8 is proper when a complaint "le[aves] the

defendants having to guess what of the many things discussed constituted [a cause of action]." *Binsack v. Lackawanna Cty. Prison,* 438 F. App'x 158, 160 (3d Cir. 2011).

While the undersigned must construe the complaint liberally due to Custis's status as a *pro se* litigant, the complaint fails to meet the pleading requirements of Rule 8. (Doc. 13). Although Custis attempts to connect her facts to legal allegations, they are still too unclear to understand as they are conclusory and vague. *See* 42 U.S.C. § 1983. (Doc. 13, at 1-3). The complaint lacks a clear factual story line with cognizable corresponding legal arguments. (Doc. 13, at 1-3). For example, Custis states that Defendants "discriminated against [her] by deny[ing her] access to a public access building and services." (Doc. 13, at 1). However, Custis does not state what public access building to which she is referring. (Doc. 13, at 1). The complaint does not provide "concise and direct" allegations sufficient to surmise how Defendants' actions infringed upon Custis's rights. *See* Fed. R. Civ. P. 8(d)(1); *Scibelli,* 219 F. App'x at 222. Custis must assert a claim sufficient enough to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *See Twombly*, 550 U.S. at 555. The factual allegations presented in the complaint lack a specific connection to an alleged wrongdoing and are not sufficient to provide the Defendants with knowledge as to the charges against them. (Doc. 13, at 1-3). Further, Custis does not seek any relief other than an opportunity to amend her complaint. (Doc. 13, at 3); Fed. R. Civ. P. 8(a)(3)

Overall, the pleading does not provide any meaningful opportunity for the Defendants to decipher or answer Custis's allegations. *See Twombly*, 550 U.S. at 555. Because Custis alleges unclear information and claims, it is arduous to discern what she is asserting. (Doc. 13, at 1-3). Custis must adhere to Rule 8 by limiting her complaint to concise allegations of specific conduct that she believes violated her constitutional rights. *See Scibelli*, 219 F. App'x

221 at 222. As Custis has titled her complaint as "tentative" and seeks amendment in her request for relief, the Court shall grant her leave to file a second amended complaint to clearly outline the facts associated with her claim against specific Defendants. (Doc. 13, at 1, 3).

### B. LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson*, 293 F.3d at 108. Further, "[a] district court has 'substantial leeway in deciding whether to grant leave to amend.'" *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (not precedential) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)).

Keeping in mind that a document filed *pro se* is "to be liberally construed" the Court will grant Custis's request for leave to file a second and complete amended complaint. (Doc. 13, at 3). *Estelle*, 429 U.S. at 106; *Grayson*, 293 F.3d at 108. Custis must "file a single, unified, legible complaint setting forth factual allegations and legal claims in a manner that could be reviewed by the Court and, if necessary, answered by the Defendants." See *Himchak v. Dye*, No. 1:14-CV-2394, 2016 WL 1743056, at *1 (M.D. Pa. Apr. 68, 2016) (emphasis added). The amended complaint must consist of concise and direct statements alleging which civil rights were violated, and the specific acts that established each violation. Mere speculation is insufficient. Custis is advised to follow each claim with a corresponding good-faith request for relief. The "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).

IV. <u>CONCLUSION</u>

As it stands, Custis's complaint fails to state a claim upon which relief may be granted. (Doc. 13). The Court grants Custis leave to file a second amended complaint within 30 days from the date of the Order filed concurrently with this Memorandum, on or before August 18, 2022.

An appropriate Order follows.


Dated: July 19, 2022                              *s/ Karoline Mehalchick*
                                                                           **KAROLINE MEHALCHICK**
                                                                           **Chief United States Magistrate Judge**